UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DENNIS WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-cv-10952-LTS |
| | ) | |
| CITY OF BOSTON and | ) | |
| ACTING MAYOR KIM JANEY, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER

Defendants City of Boston and Acting Mayor Kim Janey (collectively "City") hereby file this Amended Answer (see Fed. R. Civ. P. 15(a)(1)(A)) to answer the correspondingly numbered paragraphs and titled sections of the Plaintiff's Amended Complaint and Jury Demand ("Complaint") and assert affirmative defenses as follows:

1. The allegations of Complaint paragraph 1 are introductory, conclusory and/or state conclusions of law to which no response is required. To the extent a response required, the City admits that Plaintiff purports to bring a claim under the Acts of 1963, Chapter 322, Section 7 and/or the U.S. Constitution as stated, but denies that he is entitled to the relief sought thereunder or on any other basis.

2. The City denies the allegations of paragraph 2. Further answering, the City states that Acting Mayor Janey removed Plaintiff as Commissioner of the Boston Police Department and denies that Plaintiff is entitled to a declaratory judgment enjoining his removal or any other relief.

1

3. The City admits the allegations of the first sentence of paragraph 3 and that Plaintiff was placed on administrative leave pending investigation. The City denies all remaining allegations of paragraph 3. Further answering, the City states that the documents referenced in paragraph 3 and attached to the Complaint speak for themselves and are their own best evidence of their content and import and, as such, the City denies all allegations based thereon.

4. The City admits the allegations of the first sentence of paragraph 4 and denies all remaining allegations of paragraph 4. Further answering, the City states that the document referenced in paragraph 4 and attached to the Complaint speaks for itself and is its own best evidence of its content and import and, as such, the City denies all allegations based thereon.

5. The City denies the allegations of paragraph 5. Further answering, the City states that the documents referenced in paragraph 5 and attached to the Complaint speak for themselves and are their own best evidence of their content and import and, as such, the City denies all allegations based thereon.

6. As to the allegations of paragraph 6, the City admits that Acting Mayor Janey spoke with Plaintiff the morning of May 14, 2021 and scheduled a hearing for later that day. The City denies all remaining allegation of paragraph 6.

7. The City denies the allegations of paragraph 7.

8. The City denies the allegations of paragraph 8.

9. The City admits that a redacted version of the investigator's report was made public and denies all remaining allegations of paragraph 9. Further answering, the City states that the document referenced in paragraph 9 speaks for itself and is its own best evidence of its content and import and, as such, the City denies all allegations based thereon.

**Count 1 – Declaratory Judgment**

The City denies the allegations of Count 1 – Declaratory Judgment and denies that Plaintiff is entitled to the relief he claims therein.

**Count 2 – Temporary and Permanent Injunction**

The City denies the allegations of Count 2 – Temporary and Permanent Injunction and denies that Plaintiff is entitled to the relief he claims therein.

The City denies that Plaintiff is entitled to any of the relief sought in the Complaint and its "Wherefore" clause.

The City denies that Plaintiff is entitled to a trial by jury on his claim.

Unless expressly admitted, the City denies each and every allegation of the Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by accord and satisfaction.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by estoppel.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by equitable estoppel.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by fraud.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by illegality.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by his failure to mitigate damages.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of sovereign immunity.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of absolute immunity.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims do not rise to a Constitutional violation.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

The City hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during proceedings in this action and hereby reserves the right to amend its Answer and to assert any such defense.

WHEREFORE, the City requests that this Court dismiss the Complaint in its entirety and that the City be awarded its costs and attorneys' fees.

          Respectfully submitted,

          CITY OF BOSTON and ACTING MAYOR
          KIM JANEY

          By their attorneys,

          /s/*Kay H. Hodge*
          Kay H. Hodge (BBO# 236560)
              khodge@scmllp.com
          John M. Simon (BBO# 645557)
              jsimon@scmllp.com
          Stoneman, Chandler & Miller, LLP
          99 High Street
          Boston, MA 02110
          (617) 542-6789

Dated: June 18, 2021

Certificate of Service

      I hereby certify that on June 18, 2021, I served a true and accurate copy of the foregoing document on each of the following parties by electronic mail as follows:

Plaintiff Dennis White
Nicholas B. Carter (BBO No. 561147)
    ncarter@toddweld.com
Tara D. Dunn (BBO No. 699329)
    tdunn@toddweld.com
Todd & Weld, LLP
One Federal Street, 27th Floor
Boston, MA 02110

          /s/*Kay H. Hodge*
          Kay H. Hodge

5