UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS WHITE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF BOSTON and ) <br> ACTING MAYOR KIM JANEY, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 21-cv-10952-LTS |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

By motion filed herewith, Defendants City of Boston and Acting Mayor Kim Janey (collectively "City"), have moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). Accepting all of Plaintiff Dennis White's allegations in the Amended Complaint and Jury Demand ("Complaint") as true, the City is entitled to judgment thereon for at least two reasons:

**First**, the Complaint's only substantive claim – for "declaratory judgment" – does not state a viable claim for the constitutional and state statutory violations White alleges; and

**Second**, White's Complaint – filed before he was removed as Commissioner, which has since taken place after the City provided him with the notice, hearing and finding of cause for his removal that the Complaint alleges he was being denied – moots his claims for declaratory judgment and injunctive relief.

For these reasons, the Court should enter judgment in the City's favor.

1

I.      RELVANT ALLEGATIONS IN COMPLAINT AND BACKGROUND FACTS.

White's Complaint – filed before he was removed as Commissioner – alleges that Acting Mayor Janey:

> now seeks to remove Commissioner White, but has not provided him the process that he is entitled to constitutionally or by statute, and she lacks cause to remove him. For these reasons, Commissioner White seeks a declaratory judgment to protect his rights and enjoin his removal as Commissioner.

Complaint at ¶ 2.

More specifically, White alleges that immediately after being appointed Commissioner on February 1, 2021, he was placed on administrative leave pending investigation into twenty-year-old domestic violence allegations. Complaint at ¶ 3. White alleges that the ensuing "investigation was biased" (Id. at ¶¶ 4-5), and that, as a result, on May 14, 2021, Acting Mayor Janey notified "him that she planned on terminating him and would hold a 'hearing' on that afternoon at 3 p.m." Id. at ¶ 6. White alleges that the Acting Mayor's actions violate the removal provision of Chapter 322 of the Acts of 1962, Section 7 ("Commissioner's Statute"),[1] and the Constitution because she was attempting to remove him prior to providing him with meaningful notice and a fair hearing, and without cause. Complaint at ¶¶ 7-8.

Based on these allegations, White asserts two counts: one for "Declaratory Judgment" and a second for "Temporary and Permanent Injunction." These counts seek essentially the same relief – that is, orders declaring that the City may not, and enjoining the City from, removing "him as Commissioner of the Boston Police Department unless and until (i) an evidentiary hearing is conducted with each party having the right to present and cross-examine witnesses and

---

[1] In relevant part, the removal provision states that the Police Commissioner "may after notice and hearing, be removed by the mayor of [Boston] for cause."

(ii) the City and Acting Mayor Janey establish 'cause' for such removal." Complaint at Counts I and II.[2]

After White filed the Amended Complaint, but before the City removed the case to this Court, the Superior Court denied White's motion for preliminary injunction. See Exh. A. White then appealed to the Single Justice the Appeal Court, which also denied his motion for preliminary injunction. See Exh. B.

White thereafter received his hearing with Acting Mayor Janey, who then removed him as Commissioner. See, e.g., Memorandum and Order of Single Justice (Exh. B) (noting "that the City has stated its intent to 'within 48 hours of the Court's decision...renew its offer to Commissioner White (and his attorney) to meet with the Acting Mayor to provide any information he wishes her to consider before making her final decision. The City's actions to date, offer to hold a hearing if a preliminary injunction does not issue, and assurance that a final decision has not yet been reached and will not be reached before the hearing, in combination, satisfy the requirements of the Removal Provision and the process due to the Commissioner.").

Thereafter, the City removed the case to this Court under 28 U.S.C. § 1441(a) because the Amended Complaint alleged a violation of the U.S. Constitution.

## II.   LEGAL STANDARDS.

Where, as here, a defendant has filed an answer to the complaint, a motion challenging the sufficiency of the plaintiff's pleading is properly brought as a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. See Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006). "The legal standard for evaluating this motion is essentially the same as the standard for

---

[2]White also seeks a declaratory judgment that he is entitled to a name-clearing hearing. See Complaint at Count I. This part of White's claim is premature given the lack of any Complaint allegation that the City has refused to provide White with any such hearing.

evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that the pending motion 'implicates the pleadings as a whole.'" Hardy v. Whidden Mem'l Hosp., 146 F. Supp. 3d 385, 390 (D. Mass. 2015) (quoting Aponte-Torres, 445 F.3d at 54-55).

Thus, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Dismissal is appropriate if the complaint, so viewed, fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

Utilizing these standards, judgment should enter in the City's favor.

### III. THE CITY IS ENTITLED TO JUDGMENT ON THE PLEADINGS.

#### A. White May Not Assert His Constitution-Based Claims Through A Declaratory Judgment Action.

"[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); see also Sanders v. Prentice-Hall Corp., 178 F.3d 1296, at *1 n.2 (6th Cir. 1999) ("…42 U.S.C. § 1983 provides the exclusive remedy for [] constitutional violations") (citing Thomas v. Shipka, 818 F.2d 496, 499 (6th Cir. 1987), vacated and remanded on other grounds, 488 U.S. 1036 (1989).

Judges in this Court agree that § 1983 is the exclusive means for asserting constitutional rights. See, e.g., Hootstein v. Amherst-Pelham Reg'l Sch. Comm., 361 F. Supp. 3d 94, 109 (D. Mass. 2019) ("Section 1983 provides the mechanism through which plaintiffs can seek redress for violations of federal constitutional rights."); Denicola v. Potter, No. 19-CV-11391-ADB, 2019 WL 3842936, at *2 (D. Mass. Aug. 15, 2019) ("Claims for violations of federal constitutional rights by state or municipal officials generally must be brought under 42 U.S.C. §

4

1983") (citing Arpin, 261 F.3d at 925); Smith v. Mahoney, No. CIV.A. 11-11225-NMG, 2011 WL 3157301, at *2 (D. Mass. July 25, 2011) ("The Court shall construe all of Smith's claims for violations of federal constitutional rights as arising under 42 U.S.C. § 1983.") (citing Arpin, 261 F.3d at 925). See also Quintana v. Core Civic (C.C.A.), No. CIV 18-0233 JB/GJF, 2020 WL 7023980, at *3 (D.N.M. Nov. 30, 2020) ("The exclusive remedy for vindication of violations of the Constitution of the United States of America is under § 1983.") (citing Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979) and Albright v. Oliver, 510 U.S. 266, 271 (1994)).

Here, White attempts to assert constitutional due process claims not through § 1983, but rather through a claim for declaratory judgment, presumably (though unstated) under the Massachusetts Declaratory Judgment statute, Mass. Gen L. c. 231, § 2 and/or the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a)). Given § 1983's exclusivity for these types of constitution-based claims, this White simply cannot do.

Indeed, Courts have roundly rejected the use of declaratory judgment proceedings to circumvent the statutory schemes established by Congress (not to mention state legislatures). See, e.g., Waldon v. Iowa, 323 F.2d 852, 853 (8th Cir. 1963) (holding party "cannot resort to a federal declaratory judgment suit in an effort to escape having to exhaust available state remedies and to circumvent the intent manifested by Congress" in habeas corpus provisions of 28 U.S.C. § 2254); Gov't Emps. Ins. Co. v. MLS Med. Grp. LLC, No. CIV.A. 12-7281 SRC, 2013 WL 6384652, at *6 (D.N.J. Dec. 6, 2013) (rejecting "claim, though couched in the language of the Declaratory Judgment Act, [that] at bottom requests that this Court disrupt the statutory scheme created by the New Jersey legislature mandating that disputes regarding claims for PIP benefits be decided in arbitration"); Jones v. Hobbs, 745 F. Supp. 2d 886, 894 (E.D. Ark. 2010), aff'd sub nom. Williams v. Hobbs, 658 F.3d 842 (8th Cir. 2011) ("The Declaratory Judgment Act does not

5

authorize a bypass of th[e] enforcement scheme" of Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq., and Controlled Substances Act, 21 U.S.C. §§ 801 et seq.); Williams v. Nat'l Sch. of Health Tech., 836 F. Supp. 273, 281 (E.D. Pa. 1993) ("The Declaratory Judgment Act cannot be used to circumvent the enforcement mechanism which Congress established.").

Here, Congress manifested its intent that claims for constitutional violations be redressed through § 1983. White cannot circumvent § 1983 by asserting his constitution-based claim as one for "declaratory judgment." Doing so would allow White to improperly evade the well-established limits of § 1983 claims.

For example, in order to establish liability under § 1983 against the City (and Acting Mayor Janey, to the extent that she is being sued in her official capacity, an issue the Complaint fails to address), White must show that his alleged constitutional injury is the result of an official "policy" or "custom" so widespread as to have the "force of law." See Jett v. Dallas Independent Sch. Dist., 491 U.S. 701, 736-37 (1989); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); see also Silva v. Worden, 130 F.3d 26, 31 (1st Cir. 1997). This case – involving a one-time decision to remove a single individual from a single position – provides no basis for an allegation of custom or policy with the force of law sufficient for a viable § 1983 claim against the City or the Acting Mayor in her official capacity. See, e.g., Smith v. Chicago Sch. Reform Bd. of Trustees, 165 F.3d 1142, 1149 (7th Cir. 1999) (holding that official conduct that affected only a single person cannot reasonably be described as an official policy or custom with the force of law).

Similarly, a properly-asserted § 1983 claim would implicate qualified immunity, which, to the extent that she is being sued in her personal capacity, would necessarily result in Acting Mayor Janey's dismissal from the case. See Hafer v. Melo, 502 U.S. 21, 25 (1991) (government

officials "sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law [i.e., qualified immunity].") (citations omitted). In assessing a defense of qualified immunity, courts examine: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." Maldonado v. Fontanes, 568 F.3d 263, 268-69 (1st Cir. 2009) (citing Pearson v. Callahan, 555 U.S. 223, 232 (2009)).

Where, as here, a government official was "merely following the letter of the state law [and there is] no evidence suggesting that they should have known the state law was unconstitutional," the official is entitled to qualified immunity. Crawford v. Blue, 271 F. Supp. 3d 316, 329-30 (D. Mass. 2017). Having removed White pursuant to the letter of Commissioner's Statute (i.e., for cause after notice and hearing, see Exhs. A and B and Argument § B, below), there is no viable claim against Acting Mayor Janey in her personal capacity. Regardless, White may not skirt § 1983 by asserting a declaratory judgment claim based on constitutional violations, and the City is entitled to judgment on the Complaint as pled.

White similarly cannot couch his statutory claim under the Commissioner's Statute as one for declaratory judgment, which, as noted, states that the Police Commissioner "may after notice and hearing, be removed by the mayor of [Boston] for cause." To the extent that White continues to claim that he did not get the notice, hearing or cause for removal the Commissioner's Statute provides him (see Argument § B, below), that statute provides him his cause of action. See, e.g., Loffredo v. Ctr. for Addictive Behavs., 426 Mass. 541, 543-44 (1998) ("It is a general rule of statutory interpretation that a violation of a duty created by statute, resulting in damage to one of the class for whose benefit the duty was established, confers a right

of action upon the injured person…..") (quoting <u>Berdos v. Tremont & Suffolk Mills</u>, 209 Mass. 489, 492 (1911)).

Thus, as with his Constitution-based claim, White's statutory claim should be brought under the Commissioner's Statute, not as a declaratory judgment action. White may not evade the Legislature's intent by asserting an alleged violation of the Commissioner's Statute as a separate, anticipatory declaratory judgment claim. The City is therefore entitled to judgment on White's entire Complaint.

**B.     White's Complaint Allegations And Claims Are Moot.**

As discussed, the Complaint – filed before White was removed as Police Commissioner, – alleges that the City "seek[s] to remove him" without providing him notice, hearing and for cause removal to which he is entitled under the Commissioner's Statute and the Due Process Clause. Based on actions the City had not yet taken, the Complaint thus only seeks injunctive rulings – that is, orders declaring that the City cannot remove White prior to providing him with notice and hearing (Count I) and enjoining the City from removing him prior to doing so (Count II).

Of course, having failed in the Superior Court and the Appeals Court to obtain the preliminary injunctive relief he sought (<u>see</u> Exhs. A and B), the City did, in fact, remove him. Moreover, the City did so in accordance with the Commissioner's Statute, that is, after providing him notice and a hearing and concluding it had cause to remove him. <u>See</u>, <u>e.g.</u>, Exh. B.

As a result, White's Complaint is moot. <u>See</u> <u>Oakville Dev. Corp. v. FDIC</u>, 986 F.2d 611, 613 (1st Cir. 1993) (holding that a case is moot upon the inability of a court to provide effective relief in respect to the claim before it). Stating in his Complaint no claim on which this Court may provide him effective relief, the City is entitle to judgment.

## IV. CONCLUSION.

For all of the foregoing reasons, the Court should grant the City's motion and enter judgment on the pleadings in the City's favor under Fed. R. Civ. P. 12(c).

> Respectfully submitted,
>
> CITY OF BOSTON and ACTING MAYOR KIM JANEY
>
> By their attorneys,
>
> /s/*Kay H. Hodge*
> Kay H. Hodge (BBO# 236560)
> khodge@scmllp.com
> John M. Simon (BBO# 645557)
> jsimon@scmllp.com
> Stoneman, Chandler & Miller, LLP
> 99 High Street
> Boston, MA 02110
> (617) 542-6789

Dated: June 18, 2021

### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent by first class mail, postage prepaid, to those indicated as non-registered participants on June 18, 2021.

> /s/*Kay H. Hodge*
> Kay H. Hodge