UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BOSTON and<br>ACTING MAYOR KIM JANEY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: 1:21-CV-10952-LTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUPPLEMENT TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND HIS COMPLAINT**

Defendants City of Boston (the "City") and former Acting Mayor Kim Janey ("Acting Mayor Janey" or "Mayor Janey') (collectively, "Defendants") submit this supplemental briefing in support of their opposition to Plaintiff Dennis White's Motion to Amend his Complaint. On February 2, 2022, this Court entered an order requiring that Defendants either submit briefing regarding why Plaintiff has not stated a "Stigma Plus" due process claim, or to file a notice informing the Court that Defendants do not intend to challenge the claim at this juncture. *See* Dkt. 42. For the reasons explained herein, Plaintiff's proposed Second Amended Complaint (the "proposed Complaint" or "SAC") does not plausibly state a "Stigma Plus" claim.

**A. The Proposed SAC Fails To State A Claim For A "Stigma Plus" Violation**

Plaintiff asserts that he has a "stigma plus" claim because Defendants made an allegedly defamatory statement in connection with his termination and failed to provide him with a so-called "name clearing hearing." In the First Circuit, an employer may be liable for violating an individual's due process for failure to provide a "name-clearing hearing" if the individual

establishes the following: "(1) the alleged defamatory statement must seriously damage the employee's standing and association in the community; (2) the employee must dispute the statement as false; (3) the statement must have been intentionally publicized by the government; (4) the stigmatizing statement must have been made in conjunction with an alteration of the employee's legal status, such as the termination of his employment; and (5) the government must have failed to comply with the employee's request for a name-clearing hearing." *Buntin v. City of Bos.*, 813 F.3d 401, 406 (1st Cir. 2015); *see also Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 103 (1st Cir. 2002). Because the stigmatizing statement must have been made in conjunction with alteration of the employee's legal status, name-clearing hearings occur after termination. *See Kando v. Rhode Island State Bd. of Elections*, 880 F.3d 53, 63 n.7 (1st Cir. 2018). While the precise contours of name-clearing hearings remain unclear, the purpose of a name-clearing hearing is simply to provide an opportunity for the former employee to dispute the allegations against him once he has already been terminated. *See Buntin*, 813 F.3d at 406.

Plaintiff's proposed SAC fails to establish a violation for failure to provide a name-clearing hearing. In particular, the proposed SAC does not allege that Plaintiff requested a name-clearing hearing. Plaintiff relies on the requests he made for a hearing prior to his termination—but this confuses a "stigma plus" claim based on deprivation of a liberty interest (i.e., a name-clearing hearing) with a claim for the minimal due process required **prior to** termination based on deprivation of a property interest. It is evident from the proposed Complaint, and from the state court record, that Plaintiff was requesting that a more fulsome hearing occur **before** he could be removed from his position. Indeed, the amount of process due to Plaintiff pre-termination was exactly what was at issue in the state court proceedings when the Appeals Court held that the pre-termination process proposed by the City was sufficient. The

2

state appeals court stated that "**[i]n the event that the City does remove the Commissioner after a hearing**, **nothing in this order should be construed as constraining the Commissioner from seeking a prompt name-clearing hearing** before the City in accordance with Constitutional requirements." Dkt. 1-1 at 360 (emphasis added).

The proposed Complaint's allegations regarding Plaintiff's request for a hearing make clear that Plaintiff is conflating the two issues (a pre-termination hearing and a post-termination hearing), and is simply trying to relitigate the pre-termination process he received and that the state court ruled he was not entitled to:

- "[Defendants] denied [Plaintiff] his right to a public name-clearing hearing with an opportunity to present witnesses and to cross-examine adverse witnesses. **Instead, the Acting Mayor and City provided him a closed-door hearing that lasted a mere twenty minutes at which no witnesses were allowed to be called**. Mr. White was only allowed to make a statement, after which the Acting Mayor and City did not ask a single question or provide any substantive response. The Acting Mayor and City then terminated him. SAC ¶ 5 (emphasis added).

- "In his court pleadings and his correspondence with the Acting Mayor and City, Mr. White repeatedly demanded an evidentiary name-clearing hearing regarding the allegations against him, consistent with his constitutional rights." SAC ¶ 114.

- On May 25, 2021, Mr. White sent Defendants a demand letter requesting (again) a public name-clearing hearing before the Acting Mayor and City where he would have the opportunity to bring forth witnesses and have the opportunity to cross-examine any adverse witnesses, including the unidentified witnesses interviewed by the investigator. The letter also requested a list of key documents to be made available for review and use as evidence at the hearing. SAC ¶ 115. The letter clearly stated that one of the purposes for the requested evidentiary hearing would be to give him an opportunity to prove his innocence and to clear his name. *Id.* ¶ 116. Defendants, however, have disregarded every single one of Mr. White's requests for a constitutionally required name-clearing hearing. *Id.* ¶ 117.

- **On June 2, 2021, Mr. White appeared before the Acting Mayor and the City for his termination hearing. Mr. White made a statement, but he was prevented from presenting any live witnesses or cross examining any of the**

- **City's witnesses** or accessing any of his own personnel files or documents used to create the investigator's report. SAC ¶ 118 (emphasis added).

- The hearing lasted a mere twenty minutes. The Acting Mayor did not ask a single question, did not ask for clarification on any of his statements, and did not indicate what, if any, subjects she expected Mr. White to address. The meeting ended by the Acting Mayor turning her video off once Mr. White finished his statement. **The public and media were not allowed to participate despite Mr. White's request for a public hearing**. SAC ¶ 119 (emphasis added).

- **Mr. White requested a public, name-clearing hearing on several occasions which Defendants denied. Ultimately, the Defendants conducted a closed hearing for twenty minutes in which the Acting Mayor did not ask questions and did not allow Mr. White to present witnesses or cross examine witnesses, thereby purposefully foreclosing the opportunity for Mr. White to clear his name in a meaningful manner**. SAC ¶ 137 (emphasis added).

The amount of process due to Plaintiff prior to his termination has already been determined. The state court held that the process proposed—and ultimately given—by Defendants satisfied pre-termination due process. Plaintiff cannot now rely on his pre-termination requests to establish a denial of *post*-termination process required to protect his reputational interests.

**As courts have held, the appropriate time to request a name-clearing hearing to protect liberty interests associated with reputational damage suffered in conjunction with the deprivation of a tangible right is** *after* **such deprivation of a tangible right has occurred—in other words, after the termination. Here**, **White did no such thing.** Because a "stigma-plus" claim is, by definition, based on stigmatization **in conjunction with** the alteration of an employee's legal status, the right to a hearing does not accrue before termination. Thus, Plaintiff's requests made pre-termination do not suffice. To allege a deprivation of a right based on Defendants' failure to provide a name-clearing hearing, Plaintiff must have requested a

4

name-clearing hearing **after** he was terminated.[1]  The First Circuit made this requirement clear in

*Kando v. Rhode Island State Bd. of Elections*.  There, the First Circuit considered whether a

former executive director of the Rhode Island Board of Elections alleged sufficient facts to

support a claim for failure to provide a name clearing hearing.  880 F.3d at 56-57.  The plaintiff

alleged that the Board stigmatized him through "public shaming" and his eventual termination,

without giving him an opportunity to clear his name.  *Id.* at 61.  In affirming judgment on the

pleadings for defendants, the Court stated:

> At the expense of carting coal to Newcastle, we note that a request for a name-clearing hearing is likewise an essential element of a stigmatization claim. In this instance, the plaintiff does not allege that he ever asked for a name-clearing hearing. Although the complaint asserts that he was denied a "full and fair opportunity to respond and clear his name and reputation," it does not indicate that he requested such a hearing. . . . **To be sure, the complaint does allege that the plaintiff unsuccessfully requested an opportunity to speak before he was terminated. The complaint does not suggest, though, that he asked for a name-clearing hearing at any time after he was terminated.**

*Id.* at 63 and n.7 (emphasis added).  Other courts have applied the same standard.  *See*

*Winskowski v. City of Stephen*, 442 F.3d 1107 (8th Cir. 2006) (vacating judgment against City

for failure to provide name-clearing hearing where plaintiff asked for hearing pre-termination

(and was given one) but never requested additional process post-termination); *Carroll v. Knox*

*Cty Bd. of Educ.*, No. 3:07-cv-345, 2010 WL 2507046, at *12 (E.D. Tenn. June 17, 2010)

(granting summary judgment for defendant and stating "[t]here is no evidence that plaintiff

requested a name-clearing hearing **after** she was demoted. Plaintiff may have requested an

opportunity to refute the charges prior to her demotion, but that does not implicate a liberty

---

[1] The request for a name-clearing hearing should be made after termination, but *before* filing suit for a stigma-plus claim.  The request cannot be made as part of the claim itself.  *See Winskowski v. City of Stephen*, 442 F.3d 1107 (8th Cir. 2006).

interest. . . . an employee's liberty interest in a name-clearing hearing is implicated only after he is terminated." (emphasis in original)).

As in *Kando*, the Plaintiff here made requests for a hearing before he was terminated, but not after. According to the proposed SAC, Plaintiff last requested a hearing on May 25, 2021. *See* SAC ¶ 115. Plaintiff was terminated on June 7, 2021. SAC ¶ 120. Thus, because Plaintiff has not alleged a request for a name-clearing hearing post termination, Defendants have not violated his rights by failing to provide one. *See Kando*, 880 F.3d at 63. Count I fails as alleged against both the Acting Mayor and the City.

### B. The Acting Mayor Is Entitled To Qualified Immunity

As explained in Defendants' opening brief, Plaintiff appears to have sued the Acting Mayor in her official capacity. As such, she is immune from suit for damages. *See* Dkt. 39 at 16. And to the extent that the Acting Mayor is being sued in her individual capacity, she is entitled to qualified immunity. Qualified immunity shields government officials from liability for civil damages "insofar as their conduct does not violate **clearly established** statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (emphasis added) (citations omitted). To overcome a qualified immunity defense, a plaintiff "must demonstrate that the law was sufficiently clear [such] that every reasonable official would understand that what he is doing is unlawful." *Eves v. LePage*, 927 F.3d 575, 583 (1st Cir. 2019) (internal citations and quotations omitted). The "clearly established law must define the right allegedly violated . . . in a particularized sense so that the contours of the right are clear to a reasonable official." *Id.*

In *LePage*, the First Circuit determined that a state governor was entitled to qualified immunity where he terminated an employee based on political affiliation. *See id.* Although

termination on that basis would typically be unconstitutional, there is a "policymaker" exception under which government officials are free to terminate policymakers if their policy perspectives are not aligned. *Id.* According to the First Circuit, "even if Governor LePage were mistaken as a matter of law about whether [plaintiff's] position was encompassed by the policymaking exception, any such mistake was reasonable, and a reasonable mistake of law does not defeat qualified immunity." *Id.* at 588.

Similarly, here, even if this Court were to find that Acting Mayor Janey violated Plaintiff's rights by denying his pre-termination request for a name-clearing hearing, the Acting Mayor would be protected by qualified immunity because the mistake would have been "reasonable" and not a violation of "clearly established" law. Given the case law—including in the First Circuit—stating that a name-clearing hearing must be requested *post* termination, there was no "controlling authority" or "consensus of cases of persuasive authority" to indicate that the Acting Mayor violated a "clearly established" right. *See Wilson*, 526 U.S. at 617. Thus, the Acting Mayor is entitled to qualified immunity, and Count I fails as alleged against her.

## CONCLUSION

For the reasons stated herein and in Defendants' Opposition (Dkt. 39), Plaintiff's proposed Complaint fails to state a claim upon which relief can be granted. Thus, the proposed amendments are futile, and Plaintiff's claims should be dismissed.

| | |
|---|---|
| Dated: February 11, 2022 | Respectfully submitted, |
| | **City of Boston and Kim Janey** |
| | By their attorneys, |
| | /s/ *Brian T. Kelly*<br>Brian T. Kelly (BBO # 549566)<br>Joshua C. Sharp (BBO # 681439) |

                    Lauren A. Maynard (BBO # 698742)
                    NIXON PEABODY LLP
                    53 State Street
                    Boston, MA  02109
                    617-345-1000
                    bkelly@nixonpeabody.com
                    jsharp@nixonpeabody.com
                    lmaynard@nixonpeabody.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically on February 11, 2022, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

                                                   */s/ Brian T. Kelly*
                                                   Brian T. Kelly