UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 21-10952-LTS |
| THE CITY OF BOSTON and ACTING MAYOR KIM JANEY, | ) |
| Defendants. | ) |

ORDER

June 8, 2022

SOROKIN, J.

Previously, the Court allowed, in part, the plaintiff's request to amend his complaint. Doc. No. 49.[1] It did so without prejudice to the renewal of challenges the defendants articulated to a host of state-law claims the plaintiff proposed to add, which the Court did not then address, should the sole federal claim survive following the Court's consideration of further briefing from the parties regarding that claim. Such briefing is now complete. Doc. Nos. 51, 52. The Court's review of the parties' submissions has illuminated certain legal issues regarding the federal claim, and also has caused the Court to conclude that judicial economy and principles governing the adjudication of civil cases, Fed. R. Civ. P. 1, favor the exercise of supplemental jurisdiction over the plaintiff's proposed state-law claims now to resolve the challenges advanced to them. In the Court's review of the supplemental submissions alongside the parties' original arguments concerning the state-law claims, a question about the record has arisen. This Order aims to

---

[1] Citations to "Doc. No. __ at __" reference items appearing on the court's electronic docketing system, and pincites are to the page numbers in the ECF header.

resolve that question and to clarify the record before the Court, so that the Court may proceed to address all remaining claims and determine their viability.

In his Amended Complaint and his motion papers, the plaintiff quotes, incorporates, or attaches the following press reports:

- A story published by the Boston Globe after the plaintiff's appointment "concerning . . . domestic violence allegations from 1999," Doc. No. 37-1 ¶ 25;[2]

- Public statements by the plaintiff's daughter "that her mother's allegations were false and that her mother had been the aggressor in the relationship," id. ¶ 109;[3]

- Public statements by then-Acting Mayor Janey when the plaintiff was terminated, id. ¶¶ 4, 111 (referencing quotes of Janey reported in a New York Times article);[4]

- A June 7, 2021 story by the Boston Globe on the plaintiff's termination, Doc. No. 40-1 (attaching "Janey fires Dennis White as Boston police commissioner" by Danny McDonald and Sahar Fatima); and

- A May 14, 2021 story by the Boston Globe on information contained in the investigator's Report released that day, Doc. No. 40-2 (attaching "11 disturbing revelations in the investigative report on suspended BPD Commissioner Dennis White" by Stephanie Ebbert and Sahar Fatima).

---

[2] The Amended Complaint contains apparent typographical errors in this paragraph, but the Court assumes it is describing a story published February 3, 2021 about the plaintiff's suspension. Andrew Ryan & Dugan Arnett, "Walsh places new police commissioner on leave after past domestic violence allegations surface," Bos. Globe, Feb. 3, 2021.

[3] The Court infers that this paragraph, which lists things the defendants "knew" as of mid-May 2021 when the Report was made public, describes reports of a February 15, 2021 interview of the plaintiff's daughter by a reporter for Boston's local NPR station, WGBH. Saraya Wintersmith, "Boston Police Commissioner's Daughter Says Domestic Violence Allegation 'Was A Lie,'" WGBH News, Feb. 15, 2021.

[4] The article at issue is "Boston Police Commissioner Is Fired After Domestic Violence Allegations Emerge" by Ellen Barry, published June 7, 2021.

The Amended Complaint also generally references widespread media coverage of the relevant events.  E.g., id. ¶ 108 ("Nearly every local news station and newspaper across Massachusetts immediately splashed" the Report and its "false accusations," as did "major news sources nationally, including headlines in the New York Times . . . ."); id. ¶¶ 170-72 (alleging public statements and media coverage following release of Report caused the plaintiff to be "locally and nationally shamed and humiliated").  In his motion papers, the plaintiff concedes the Court may consider the above-listed reports as it assesses the sufficiency and plausibility of his claims at this juncture.  See Doc. No. 40 at 19 n.10 (regarding proffered press reports); cf. id. at 27 n.16 (assenting to consideration of a "party's undisputed communication").

The articles identified above have not been the only media reporting about the events at issue here,[5] a fact which is apparent from the record before the Court.  To the extent other reporting exists which bears on the Court's determination as to the viability of the plaintiff's remaining claims, there is authority suggesting the Court can consider the fact that such stories were published (but not assess the truth of their contents) at this stage of the proceedings—a proposition that also finds support in the plaintiff's concessions noted above.  See In re Sterling

---

[5] E.g., Ally Jarmanning & Deborah Becker, "Janey Fires Boston Police Commissioner White After Legal Battle," WBUR, June 7, 2021; Kevin Cullen, "Firing Dennis White makes a mockery of due process," Bos. Globe, June 7, 2021; "White's Attorney Seeks Internal Affairs Files On Ex-Wife," WBUR Newsroom, June 3, 2021; Christopher Gavin, "What Kim Janey said ahead of Wednesday's hearing for Boston Police Commissioner Dennis White," Boston.com, June 1, 2021; John Hilliard, "White calls on mayor to consider video affidavits from family members in his defense," Bos. Globe, May 31, 2021; Kevin Cullen, "In the Dennis White case, the city may be about to fire the wrong cop," Bos. Globe, May 31, 2021; Joe Dwinell & Rick Sobey, "Explosive turn as daughter says Boston top cop Dennis White blameless; Kim Janey still moves to fire him," Bos. Herald, May 31, 2021; Kevin Cullen, "Boston might have to pay Dennis White to go away. And maybe he doesn't want to," Bos. Globe, May 20, 2021; Adrian Walker, "What happens now with Police Commissioner Dennis White?" Bos. Globe, Feb. 21, 2021; Jacey Fortin, "New Boston Police Leader Put on Leave as Domestic Abuse Allegations Surface," N.Y. Times, Feb. 4, 2021.

Foster & Co., Inc. Sec. Litig., 222 F. Supp. 2d 312, 317, 320-21 (E.D.N.Y. 2002) (dismissing case after taking judicial notice of "the fact that" more than thirty cited articles "were published," "to show the widespread media attention" conduct at issue received, where the defendants had attached six of the articles to their motion papers).

    Accordingly, the Court hereby ORDERS the parties to notify it within one week of this Order, in submissions not to exceed five pages in length: 1) whether they object to the Court's consideration of the fact that additional articles (such as those cited in footnote 5, supra) have been published; 2) if a party objects, the basis for its objection; and 3) whether there are any other articles, media reports, or other materials the parties would like the Court to consider as it adjudicates the challenges advanced by the defendants to the remaining federal claim and the state-law claims.

                                      SO ORDERED.

                                      /s/ Leo T. Sorokin
                                      United States District Judge