THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS WHITE,  )<br>  )<br>            Plaintiff,  )<br>  )<br>     v.  )<br>  )  Civil Action No. 21-CV-10952-LTS<br>THE CITY OF BOSTON, and ACTING MAYOR  )<br>KIM JANEY  )<br>  )<br>            Defendants.  )<br>  ) | |

**PLAINTIFF DENNIS WHITE'S RESPONSE TO THE COURT'S ORDER (DOC. NO. 53) IN SUPPORT OF HIS MOTION TO AMEND THE COMPLAINT**

 

Respectfully submitted,

DENNIS WHITE,

By his attorneys,

*/s/ Nicholas B. Carter*
Nicholas B. Carter (BBO No. 561147)
Tara D. Dunn (BBO No. 699329)
TODD & WELD, LLP
One Federal Street, 27th Floor
Boston, Massachusetts 02110
T: (617) 720-2626
F: (617) 227-5777
ncarter@toddweld.com
tdunn@toddweld.com

June 15, 2022

Plaintiff Dennis White ("White") submits this response to the Court's Order (Doc. No. 53). As discussed more fully herein, Plaintiff objects to the Court taking judicial notice of news articles not submitted by the parties without identifying the purpose for such review. Because the Court has indicated it will evaluate Plaintiff's state discrimination claims, Plaintiff also includes additional, brief argument why his discrimination claims are viable at this stage and should not be dismissed.

**A.      Plaintiff Objects to the Court Taking Judicial Notice of Articles Not Submitted By the Parties.**

Plaintiff Dennis White objects to the Court taking judicial notice of newspaper articles that the parties have not presented to the Court without informing the parties of the purpose for considering articles beyond those referenced in the parties' pleadings.

As a general proposition, courts are not supposed to engage in independent fact investigations; in our adversarial system, that is the province of the attorneys.  The Court has stated it will only take notice of newspaper articles for the fact that they were published, not for the truth of the facts asserted therein (Doc. No. 43, at 3), because going beyond the fact of their publication would clearly be inappropriate. *See, e.g., O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, No. 06 CIV. 6278, 2006 WL 3771013, at *1 (S.D.N.Y. Dec. 18, 2006).  Yet, if the Court were to use the articles for the conclusion that White already had an unofficial name-clearing hearing (a question the Court has not yet decided), it would also be improper because the Court would be selecting and relying on articles – essentially as a fact investigator – without input from White.  White should have the opportunity to know if this is the Court's purpose and to address

any such articles the Court might consider in resolving that issue. As discussed in prior briefing (Doc. No. 40, at 1-3, and Doc No. 46, at 4-7), White has not had a name clearing hearing.[1]

If the Court were to use the articles for the purpose of concluding that the articles were destructive to his reputation, White would not object.

Therefore, if the Court intends to take judicial notice of the media articles, including the ones identified in footnote 5 of the Court's order (Docket No. 53), White objects without knowing the purpose of the review.

**B.      White Has Pled Viable Chapter 151B Claims.**

Because the Court has indicated that it plans to exercise supplemental jurisdiction and decide whether to allow the state law claims to proceed, White submits the following brief additional material in support of his state discrimination claims. Notably, in dismissing White's federal equal protection claims, the Court relied on White's failure to identify any similarly situated comparators of another race or gender, and his failure to allege any facts supporting the inference that defendants directly exhibited discriminatory animus and targeted White based on his race or gender. However, neither federal nor state law requires a plaintiff, to survive a motion to dismiss, to allege direct evidence of discrimination. For this reason, White respectfully submits that the court erred in denying his request to add Counts II and III to his proposed second amended complaint. For the same reason, White's proposed G.L. c. 151B discrimination claims must survive as well.

---

[1] For example, the most ruinous allegations against White were from the four unidentified and unsworn witnesses in the City's investigative report, and at the very least White is constitutionally entitled to a hearing where he can confront and cross-examine those witnesses. White never had that opportunity, and the articles do nothing to address the credibility of those witnesses' testimony. Nor did White get to confront and examine the City's investigator to determine if the investigation itself was biased; the investigator knew of important witnesses who tended to exonerate White, yet the investigator did not interview them.

In 2002, the Supreme Court rejected heightened pleading requirements for discrimination claims, holding that "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the *McDonnell Douglas* framework does not apply in every employment discrimination case." *Skierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002). In particular, "if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case." *Id.* Nor must the plaintiff identify direct evidence in his complaint: "It . . . seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits *if direct evidence of discrimination is discovered*." *Id.* at 511-12 (emphasis added). *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013) (observing that in *Skierkiewicz* the Supreme Court "negated any need to plead a prima facie case in the discrimination context and emphasized that the prima facie model is an evidentiary, not a pleading, standard"); *Educatores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66 (1st Cir. 2004) (confirming that *Skierkiewicz* "sounded the death knell for the imposition of a heightened pleading standard" in civil rights cases, and that henceforth civil rights plaintiffs would only be required to set forth a "short and plain statement" as required by Rule 8(a)(2)).[2]

As under federal law, a plaintiff can survive a motion to dismiss his G.L. c. 151B discrimination claims without identifying comparators. *See Trustees of Health & Hosps. Of City*

---

[2] In denying White's motion to amend, the Court relied on First Circuit cases addressing appeals of summary judgment rulings, after discovery had already taken place. *See Fincher v. Town of Brookline*, 26 F.4th 479, 490 (1st Cir. 2022) (affirming summary judgment in town's favor on plaintiff's equal protection claim); *Alston v. Town of Brookline*, 997 F.3d 23, 41 (1st Cir. 2021) (same). These cases are inapposite on a motion to amend where the Rule 12(b)(6) standard applies. The one case cited by the Court which dismisses plaintiff's equal protection claim for failing to identify comparators does not indicate that plaintiff argued there was or might be direct evidence of discrimination. *See Pollard v. Georgetown Sch. Dist.*, 132 F. Supp. 3d 208, 223 (D. Mass. 2015). If the court in *Pollard* imposed a heightened pleading standard, it was error.

3

*of Bos., Inc. v. Massachusetts Comm'n Against Discrimin.*, 449 Mass. 675, 683 (2007) (identifying similarly situated comparators "is not absolutely necessary"). Plaintiff's initial burden "is not intended to be onerous," and is "meant to be a 'small showing' that is 'easily made.'" *Id.* (quoting *Chungchi Che v. Massachusetts Bay Transp. Auth.*, 342 F.3d 31, 38 (1st Cir. 2003)). *See also Yee v. Massachusetts State Police*, 481 Mass. 290, 300 (2019). Therefore, just as *Skierkiewicz* does not require a plaintiff to identify direct evidence of discrimination at the motion to dismiss stage, White need not do so in the context of his chapter 151B claims. *See Yee v. Massachusetts State Police*, 481 Mass. 290, 299 (2019) ("It would be a curious result . . . to interpret c. 151B to provide less protection against employment discrimination than Title VII, given that we at times interpret G.L. c. 151B to provide *more* protection against employment discrimination than Title VII, in part because of the Legislature's direction that c. 151B is to be applied liberally").

Defendants' gender-based stereotyping, for example, was impermissible discrimination. *See Lipchitz v. Raytheon Co.,* 434 Mass. 493, 503 (2001). Even at summary judgment, evidence of such stereotyping can support a prima facie showing that the defendant engaged in gender discrimination. *See Shervin v. Partners Healthcare Sys., Inc.*, 2 F. Supp. 3d 50, 73 (D. Mass. 2014), aff'd, 804 F.3d 23 (1st Cir. 2015). White has alleged sufficient facts demonstrating that his gender was an impermissible factor in the investigation and termination. *See, e.g.*, SAC ¶¶ 39, 42, 46-58, 61, 80-84, 91, 102, 109, 111, 117, 128.

Defendants also have not and will not be able to point to a single commissioner that was treated as White was and that alone is sufficient to establish a prima facie case, without the need for an exact comparator. *See Trustees of Health & Hosps. of the City of Bos., Inc.,* 65 Mass. App. Ct. 329, 335-336 (2005) (uniqueness of adverse treatment that deviates from past employer

conduct is sufficient to establish inference of discrimination) (citing *Dartt v. Browning–Ferris Indus., Inc.,* 427 Mass. 1, 17 (1998)); *see also Flipp v. Town of Rockland,* 613 F. Supp. 2d 141, 145 (D. Mass. 2009) (court held race discrimination claims adequately pled without comparator evidence).

In addition, White's allegations plausibly set forth a claim of retaliation based on the nature of the investigation.³  *See, e.g.,* SAC ¶¶ 29, 36, 40-44, 122, 158-160 and Amended Complaint (Doc. No. 1-1, at 121) at ¶¶ 2-3 ("The investigation was biased" and attaching correspondence with City at Exhibits A-D saying same).  In *Farzinpour v. Berklee Coll. of Music*, plaintiff's retaliation claim survived a motion dismiss, after the court found that his termination could have been linked to his report of a biased investigative process.  516 F. Supp. 3d 33, 40 (D. Mass. 2021).  Plaintiff, a professor in the Berklee Composition department, was alleged to have engaged in sexual harassment involving a student.  During the investigation, the investigator "displayed behavior that indicated her bias against him." *Farzinpour,* 516 F. Supp. 3d 33 at 36-37.  As in *Farzinpour,* White repeatedly complained about the unfair and biased investigation and alleges he was punished as a result.  That is sufficient to support his retaliation claim at the motion to dismiss stage.  *See Farzinpour,* 516 F. Supp. 3d 33 at 40.

---

³ Count XII alleges that defendant "coerced, intimidated, threatened, or interfered with White in the exercise or enjoyment of his rights in a manner that discriminates against him" in violation of G.L. c. 151B, § 4A.  This clause of section 4A protects employees against retaliation.  *See Lopez v. Commonwealth*, 463 Mass. 696, 707 (2012).

## CERTIFICATE OF SERVICE

      I hereby certify that this document has been filed on June 15, 2022, through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                */s/ Nicholas B. Carter*
                Nicholas B. Carter