UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DENNIS WHITE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 21-10952-LTS |
| THE CITY OF BOSTON and ACTING MAYOR KIM JANEY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON DEFENDANTS' MOTION TO LIMIT DISCOVERY (DOC. NO. 72)

October 19, 2022

SOROKIN, J.

Before the Court is a motion by the defendants asking the Court to clarify "the scope of the remaining claims at issue" and to "limit the scope of discovery" plaintiff Dennis White may seek. Doc. No. 72.[1] White has opposed the motion, Doc. No. 76, and the defendants have replied, Doc. No. 77. The motion is ripe and, as no party has requested a motion hearing, the Court resolves it now on the papers, which it has carefully reviewed.

First, insofar as the defendants suggest White's discovery requests exceed what is appropriate in light of the claims remaining in this case, they are right, though not entirely so. Three claims remain in this action:  1) a "stigma-plus" procedural due process claim against both defendants; 2) a defamation claim against former Acting Mayor Kim Janey; and 3) a violation of privacy claim against Janey. See generally Doc. No. 57. The stigma-plus and defamation claims both require White to prove that the defendants (acting through Janey) made public statements

---

[1] Citations to "Doc. No. __ at __" reference items appearing on the court's electronic docketing system, and pincites are to the page numbers in the ECF header.

that were false.[2]  See, e.g., Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 102-03 (1st Cir. 2002) (describing "gravamen" of stigma-plus claim as holding an employer "responsible for the publication of false and harmful accusations," requiring plaintiff to "dispute the charges made against him as false," and considering whether the summary judgment record established that the stigmatizing information at issue was "false"); Arroyo v. City of Bos., No. 20-cv-12082, 2021 WL 2338879, at *5 (D. Mass. June 8, 2021) (discussing elements of defamation claim under Massachusetts law, including the publication of "a false statement"); cf. Ersek v. Town of Springfield, 102 F.3d 79, 83-85 (3d Cir. 1996) (discussing at length element of stigma-plus claim requiring proof that the challenged publication was "substantially and materially false"). Similarly, both claims require consideration of Janey's state of mind at the time she made the relevant statements.  See, e.g., Wojcik, 300 F.3d at 103 (including among elements of stigma-plus claim that "the stigmatizing statements . . . must have been intentionally publicized"); Arroyo, 2021 WL 2338879, at *5-6 (discussing "actual malice" required for public figure to sustain defamation claim).

Though the defamation claim is tied to Janey's public statements (including those made in connection with her release of the independent investigator's report), the stigma-plus claim is expressly premised, in part, on the release of the report.  The Court's findings regarding the nature of the report do not foreclose the possibility that, for example, the witnesses whose accounts are summarized in the report made false statements to the investigator, which she then memorialized in the report.  In these circumstances, White is entitled to reasonable discovery that will enable him to test and challenge the content of the report (including the witness's accounts),

---

[2] The independent investigator is not a party to this case, and White has not pursued any claims here on an agency theory whereby the City may be liable for the investigator's actions.

as well as Janey's state of mind when she released the report and made the relevant public statements. That said, White's discovery requests, as reflected in both parties' submissions, plainly have strayed beyond what is relevant and appropriate in this case. Therefore, the Court will allow in part the defendants' motion and limit discovery as follows. White <u>is entitled to</u>: 1) the identities of any witnesses whose accounts were relied on or referenced in the investigator's report; 2) copies of any documents collected by the investigator <u>and</u> relied on or referenced in the report; and 3) discovery showing what Janey knew about the report when she received it and when she released/publicly commented on it.[3] White <u>is not entitled to</u>: 1) other information that relates to the investigation or the investigator's preparation of the report that is not within the categories identified in the previous sentence; 2) discovery related to his ex-wife's disciplinary or personnel record; or 3) documents concerning the selection of his successor.[4]

<u>Second</u>, because this Order may result in the disclosure of the identities of witnesses that have not, to date, been revealed publicly, the Court further ORDERS that the identities of any witnesses not named in the report shall be SEALED. Disclosure of information identifying such persons is limited to counsel for the parties, and such information may be used only in

---

[3] The motion papers excerpt the following requests, which (at least in part) fall into these permissible categories: "All documents [the investigator] obtained or relied upon as part of the Investigation"; "State the name of each witness interviewed by the Investigator"; and "communications Janey and other City agents had about the . . . release of the Report." Doc. No. 72 at 3; Doc. No. 76 at 11. To the extent these requests seek more than the Court authorizes in this Order, that much of the requests is struck.

[4] The motion papers excerpt the following requests, which are overbroad and/or beyond the scope of permissible discovery as defined in this Order: "All documents in any way related to the Investigation and the Investigative Report"; "All documents concerning, reflecting or constituting any due diligence, research, or investigation performed by [the investigator] . . ."; "All communications between the investigator and any witness"; "All documents concerning the termination and later resumption of the Investigation . . ."; "All documents concerning any discipline of . . . members of the Evidence Control Unit . . ."; "A complete . . . copy of Sybil Mason's personnel files . . ."; and "All documents concerning whether, when and how to appoint Nora Baston as Police Commissioner." Doc. No. 72 at 3; Doc. No. 77 at 6.

connection with investigating and litigating this case. Counsel for the parties may disclose such information only to individuals engaged by them to work on this case, and any such disclosure (including to any individual party to this case) must be accompanied by an instruction from counsel that further disclosure or use of the witnesses' identities for any purposes other than this case will violate a Court Order and risk sanctions for contempt. Any document filed by any party with the Court that reveals or otherwise references the identities of these witnesses shall be filed under seal pending further Order of this Court.

Finally, insofar as the defendants seek clarification of the Court's prior rulings or White's remaining claims, that request is DENIED. The defendants have not established that there is any confusion or ambiguity to be resolved. The Court's previous orders describe in detail the extent to which White's claims may proceed. That White has served overbroad discovery requests does not establish a need for clarification, and the Court expects that this Order will focus White's approach to discovery on the remaining claims and their elements.

Accordingly, the defendants' motion (Doc. No. 72) is ALLOWED in part and DENIED in part as described herein. The stay of discovery and other proceedings in this matter (Doc. No. 74) is hereby LIFTED. All deadlines specified in the Scheduling Order governing the pretrial phase of this case remain unchanged. See Doc. No. 68. The parties shall confer and propose within fourteen days of this Order a confidentiality and/or protective order to govern disclosure and use of information exchanged during discovery that reveals the identities of the unnamed witnesses whose accounts are included in the independent investigator's report.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge