# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS WHITE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No.: 1:21-CV-10952-LTS |
| CITY OF BOSTON and ACTING MAYOR KIM JANEY, | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS CITY OF BOSTON AND ACTING MAYOR KIM JANEY'S MOTION TO STAY UPCOMING DEPOSITIONS

Defendants City of Boston and Acting Mayor Kim Janey submit this motion to stay depositions of non-parties pending the resolution of Defendants' Motion for a Protective Order, which was filed today.

On May 26, 2023, Plaintiff served subpoenas for documents and depositions on six non-parties. Plaintiff requested that the non-parties respond to the document requests by June 15, 2023, and scheduled the first of the six depositions for June 16, 2023. On May 31, 2023, Defendants sent Plaintiff an email requesting that deposition questioning be limited to certain topics consistent with this Court's previous Order Limiting Discovery (Dkt. 78), or in the alternative, requesting that Plaintiff agree to a stay while the Court consider a motion on the matter. *Over a week later*, on Friday, June 9, 2023, counsel for Plaintiff responded, refusing to limit the deposition topics and refusing to agree to the requested stay. Instead, Plaintiff noticed five more depositions—bringing the total number to eleven.

Today, Defendants are filing a motion for a protective order limiting the scope of the depositions of non-parties. A stay of the non-party depositions is required so that the Court can consider and rule on the motion and provide adequate guidance to the parties.

Plaintiff will not be harmed by a stay. Defendants attempted to resolve these issues soon after receiving Plaintiff's first tranche of deposition notices, but Plaintiff's own delay caused motion practice to occur just days before the first deposition is scheduled to take place. It would be unfair to subject non-party witnesses to overbroad and irrelevant deposition questioning simply because Plaintiff waited until the eleventh hour to respond to Defendants' conferral request. Moreover, discovery in this matter is not scheduled to close until August 21, 2023 and Plaintiff recently suggested extending the discovery window until sixteen weeks after the Court rules on *Plaintiff's* pending discovery motions (a request to which Defendants are inclined to agree). In either case, Plaintiff will have ample time to depose the non-party witnesses following the Court's order on Defendants' motion.

        Respectfully submitted,

        CITY OF BOSTON and
        ACTING MAYOR KIM JANEY

        By their attorneys,

        */s/ Brian T. Kelly*
        Brian T. Kelly (BBO No. 549566)
        Joshua C. Sharp (BBO No. 681439)
        Lauren A. Maynard (BBO No. 698742)
        **NIXON PEABODY LLP**
        53 State Street
        Boston, MA  02109
        (617) 345-1000
        bkelly@nixonpeabody.com
        jsharp@nixonpeabody.com
        lmaynard@nixonpeabody.com

Dated:  June 12, 2023

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), undersigned counsel certify that they have conferred with counsel for Plaintiff on May 31, 2023 and June 9, 2023 and have attempted in good faith to resolve or narrow the issues for the Court. The parties did not reach an agreement.

*/s/ Lauren A. Maynard*
Lauren A. Maynard

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on June 12, 2023, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Lauren A. Maynard*
Lauren A. Maynard